IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                                                                NO. 3:22-CV-137-DMB-JMV

GAZEL GILES
ACADEMIC AID FOR SUCCESS, LLC                                               DEFENDANT

## ORDER

On July 13, 2022, the United States of America filed a complaint against Gazel Giles d/b/a Academic Aid for Success, LLC, in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Giles' receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Giles, through false representations, received PPP loan proceeds totaling $41,666.33[1] (for which the Small Business Administration paid a total of $5,000 in processing fees to the banks involved), and that Giles, also through false representations, obtained forgiveness of those loans by the SBA. *Id*. at PageID 6–7.

On August 29, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment" representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the attached [proposed consent judgment]." Doc. #6; *see* Doc. #6-1. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Giles who appears pro se, individually and on behalf of Academic Aid.

---

[1] Count III of the complaint and the complaint's prayer for relief list the amount as $41,466.33. Doc. #1 at PageID 9, 10. But the complaint's factual allegations provide that Giles received one loan for $20,833.33 and a second loan for $20,833.00, which totals $41,666.33. *Id*. at PageID 6.

Doc. #6; Doc. #6-1 at PageID 22.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Giles and Academic Aid to pay $46,866.33 plus interest, including a $400.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [6] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 30th day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**